The opinion of the Court was delivered by
Johnson J.
The doctrine of presumption, arising from length of time, is one which ought to he cherished so long as it >;'is used for the - purposes pf justice ; and there is none in our whole system which is better calculated to answer that purpose. In this case, the plaintiff has derived a clear and distinct title from the original grantee, with the exception of the deficiency in the deed from the. William Arthur' to Joseph Kershaw, in which his wife, to whom the land belonged, acquiesced, by joining in the deed, but did not, so. far as is positively proved, renounce her estate and inheritance in the manner pointed out by "the Act of the Legislature; and the question is; whether the jury had the power, under all the circumstances, to presume that she did.
The doctrine of presumption is very ably considered in the opinion delivered by my Jate brother Cheves, in the case of M’Elwee v. Hill, decided in this Court, and reported in 2 M. Const. Rep. 424, under the name of M’Clure v. Hill, in which a grant was presumed under a possession not exceeding thirty years, under circumstances which I think raised a pretty strong presumption, that there never had been a grant. And in the case of the lessee of Alston v. Saunders, 1 Bay, 26, a grant was also presumed from length of possession. In the case of Tarrent v. Terry, 1 Bay, 239, when a party stood by and saw another ere.ct valuable improvements on his land, supposing it to be his own, the Court held he was not entitled to recover.
I am aware that the principle of this doctrine is founded on long possession generally ; but when the possession is not the most notorious, I think it ought to be supported, when sustained by circumstances as strong as are exhibited in this case.
They are these: The defendant’s .mother, under whom he claims, and himself, have acquiesced in the plaintiff’s title, by not pretending any claim to it for more than forty years. She had given a pledge to Joseph Kershaw, that she would do whatever was necessary to perfect the title' by joining in the deed with her husband — in the lease and release. And the country has, since that period, passed through an eventful revolution, *429 and was for a long time in possession of *the enemy, who spared nothing that could be of service to the citizen. The possession of *- Hargrove Arthur by his tenant, and his continued claim and exercise of acts of ownership over it, for the last nineteen years, and above all, the uncertainty whether the defendant’s mother, by the general deed which she gave him, did intend to disturb, this claim, raise an almost irresistible presumption in favor of the plaintiff.
Egan and Gregg, for the motion. Starh and Blanding, contra.
I am, therefore, of opinion that the motion ought not to prevail.
Colcock, Nott, Gantt and RichaRdson JJ., concurred.
1 McM. 448; 11 Rich. 425, and cases cited there; 3 Strob. 451; 2 Strob. 552.